## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ANTHONY L. TUCKER,        )
       )
       Plaintiff,        )
       )
vs.        )     Case No. CIV-05-1442-M
       )
NORTH FORK CORRECTIONAL        )
FACILITY,        )
       )
       Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights in connection with his medical care while incarcerated at North Fork Correctional Facility ("North Fork").  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The complaint has been promptly examined pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and because the undersigned finds that Plaintiff has failed to plead and provide evidence of exhaustion of his available administrative remedies, it is recommended that the case be dismissed upon filing. Alternatively, because Plaintiff's complaint reveals that his claims are barred by the applicable statute of limitations, dismissal for failure to state a claim on which relief may be granted under § 1915(e) is, likewise, warranted.

## Plaintiff's Complaint

Plaintiff alleges he was experiencing low back pain when he was sent to North Fork on May 1, 2001 [Doc. No. 1, p. 2].[1]  He contends he was seen by a doctor on approximately June 1, 2001, after making repeated requests for "better pain" medication to treat his "muscle spasm leg tingles etc." *Id.*  After a fall, he was "put in observation for my back from May 1, 2001 to 6/3/03." *Id.*  Plaintiff claims a doctor's request for an MRI was denied on the grounds that there were "no new deficits and it was a old condition." *Id.*  Plaintiff states that he left North Fork sometime around August 6, 2003, without an MRI having been taken.  It is Plaintiff's contention that had an MRI been taken – as one was on February 6, 2004 – he might have received pain medication and treatment for his condition. *Id.*  He further claims that the delay in taking the MRI caused additional damage to his back. *Id.*  Monetary damages are sought. *Id.* at p. 5.

## Procedural Background

Upon the undersigned's initial review of the complaint, it was noted that Plaintiff had failed to respond to that section of the form complaint requesting information about Plaintiff's efforts to seek informal or formal administrative relief, and, consequently, had failed to allege exhaustion of his administrative remedies as required by the provisions of 42 U.S.C. § 1997e(a).  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003).  Accordingly, the undersigned ordered Plaintiff to show cause why the action should not be dismissed for his failure to allege and demonstrate that the administrative

---

[1]Based upon a subsequent filing by Plaintiff, it appears that he was incarcerated at North Fork pursuant to a contract with the State of Wisconsin [Doc. No. 9].

remedies available to him at North Fork had been fully and properly exhausted [Doc. No.

7]. Plaintiff was specifically advised:

> In this Circuit, exhaustion of administrative remedies is an essential allegation of a prisoner's claim, rather than an affirmative defense. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003), *cert. denied* 125 S. Ct. 344 (2004). *Steele* sets forth specific requirements for pleading exhaustion. A prisoner must either "attach a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Id.* at 1210 (internal citations and quotations omitted).

*Id.* at p. 1.

Plaintiff filed a letter response – a response neither made under penalty of perjury

nor sworn nor even signed – in which he, once again, fails to affirmatively allege

exhaustion, stating, instead:

> At North Fork Correctional Facility, the Grievance procedure was poor, they changed Grievance officer's a lot that didn't no the Job. You would find yourself ending right back where you started from, filed complaints only to be ordered back to the same person, and in this case, it would be the Medical director. See <u>Grievance No. 1024</u> and <u>No: 1-11-1082</u>. They would Result and Being Resolved, by telling me to write Health Care Request forms that I done the hole time at Northfork. The appeal forms were not, around but I talked to the warden's at the time, Mr. Jackson, and Mr Pickeren and still orded back to Health services. This prison was contracted by the Wisconsin D.O.C., I also reported back to them., the <u>Contract Specialist Unit</u>. I wrote complaints, and request after requests for treatment, from 2001 - 2003, around the 8th month of the year <u>2003</u>. See EX 44, off site service request for MRI dated 6/3/03.

Doc. No. 9.

## **Standard of Review for Initial Screening**

Pursuant to 28 U.S.C. § 1915A(a), the court is under an obligation to review, as

soon as practicable, a complaint filed by a prisoner seeking redress from a governmental

entity, officer or employee of a governmental entity.  Notwithstanding any filing fee or any portion thereof that may have been paid, it is the responsibility of the court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A court may dismiss, sua sponte, a pro se complaint for failure to state a claim upon which relief may be granted.  *See Thorman v. Bernalillo County Detention Center*, No. 00-2073, 2000 WL 1730890, at *1 (10th Cir. Nov. 22, 2000) (citing *McKinney v. State of Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991) (unpublished op.)).[2]  A complaint which fails to plead and provide evidence of exhaustion as required by § 1997e(a) is subject to dismissal for failure to state a claim.  *Steele*, 355 F.3d at 1212.

## Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner must exhaust all available administrative remedies before resorting to a § 1983 action in federal court.  Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has found that the mandate of Congress is clear: exhaustion is <u>required</u>.  *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor

---

[2]Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

must they be plain, speedy, and effective.") (quotation omitted)).  Moreover, the provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

The Tenth Circuit has held that exhaustion is not an affirmative defense to be raised and proven by a defendant; rather § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele*, 355 F.3d at 1209-10.  As the Tenth Circuit explained: "To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Here, Plaintiff does not claim that he exhausted his administrative remedies but appears to argue, instead, that his efforts to exhaust his remedies always took him back to the same place, Health Services [Doc. No. 9].  He makes no claim that a grievance procedure was unavailable to him at North Fork but does maintain that the procedure was "poor" and that there was frequent turnover of grievance officials who did not know their job. *Id.*  Plaintiff makes reference to specific grievance forms as if they were a part of the record before the court; no such documentation has been submitted, however. *Id.* He claims that appeal forms were not "around"; he does not assert, however, that he ever requested and was denied an appeal form. *Id.*  Plaintiff chose, instead, to "talk" to the wardens about his situation. *Id.*

Plaintiff's unsworn, conclusory arguments are not sufficient to suggest that he was *prevented* from utilizing the grievance procedure available to him.  At best, Plaintiff has

alleged that the grievance procedure was not effective, but this does not relieve him of the burden of completing the administrative process, however ineffective it might have been. *See Porter*, 534 U.S. at 524.

The undersigned finds that Plaintiff has failed to meet his burden of pleading the required exhaustion of administrative remedies. *See Steele*, 355 F.3d at 1211. Consequently, Plaintiff's complaint should be dismissed.

**Statute of Limitations[3]**

When describing the background of his case, Plaintiff complains of the medical care he received at North Fork from his arrival on May 1, 2001, until he "left this prison in or around 8-6-2003." [Doc. No. 1, p. 2]. Plaintiff's lawsuit regarding his medical care, however, was not filed until December 12, 2005, some two years and four months after he left the prison and his medical care there ended. The limitations period for a civil rights action is governed by the forum state's law pertaining to personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 - 80 (1985). In Oklahoma, that limitations period is two years. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

The only other date mentioned by Plaintiff in his complaint is the date on which an MRI was taken after he left North Fork – February 6, 2004 [Doc. No. 1, p. 2]. Plaintiff alleges that this MRI revealed greater bodily injury than he had previously realized. *Id.* Conceivably, Plaintiff could argue that his cause of action did not arise, or accrue, until this MRI was taken and he became aware of the full extent of his alleged injuries.

─────────────────

[3]When a complaint includes allegations revealing that the cause of action is time-barred, summary dismissal of the action is appropriate. *See Arps v. Cormack*, No. 04-6354, 2006 WL 259669 (10th Cir. Feb. 3, 2006) (unpublished op.)).

The question of when a federal action accrues is governed by federal law.  *See Baker v. Bd. of Regents,* 991 F.2d 628, 632 (10th Cir. 1993).  Under federal law, "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id.*  Here, Plaintiff's injury which forms the basis of his action is the alleged deliberate indifference to his medical needs; this alleged violation of a constitutional right would, necessarily, have occurred during his incarceration at North Fork.  Even if Plaintiff did not  realize the full extent of his alleged injuries before leaving the prison, his cause of action accrued, and the statute of limitations began to run, no later than August 6, 2003, his last day at North Fork.  *See Indus. Constructors Corp. V. U.S. Bureau of Reclamation,* 15 F.3d 963, 969 (10th Cir. 1994) ("A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run."); *Coleman v. Morall,* No. 02-1099, 2003 WL 1788007 (10th Cir. Apr. 4, 2003) (unpublished op.)).  Consequently, Plaintiff had two years from August 6, 2003, or until August 6, 2005, in which to file his complaint.  Because the action was not filed until December 12, 2005, it is time-barred, and dismissal of the complaint is warranted.[4]

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's complaint be dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies or, alternatively, that Plaintiff's

---

[4]If the undersigned's recommended dismissal for failure to demonstrate the exhaustion of administrative remedies is adopted by the court, the dismissal should be without prejudice. *See Steele*, 355 F.3d at 1213.  If, however, if the court adopts the alternative finding that Plaintiff's complaint is time-barred, no amendment can cure the defect, and a dismissal on the merits is recommended.

complaint be dismissed on the merits for the reason that it is time-barred and, thus, fails to state a claim upon which relief can be granted.

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 6th day of March, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

IT IS SO ORDERED this 13th day of February, 2006.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE